# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  DECEMBER 16, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0463-WC

JBS SWIFT                                                                                          APPELLANT

ON APPEAL FROM COURT OF APPEALS
NO. 2019-CA-1782
WORKERS' COMPENSATION BOARD
NO. WC-16-98773

V.

ANA MABEL DUMOIS BUENO;                                                            APPELLEE
HONORABLE STEPHANIE L. KINNEY,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This case is before the Court on administrative appeal as a matter of

right[1] by JBS Swift (Swift), the Appellant, of a workers' compensation award.

The opinion of the Court of Appeals affirmed in part and reversed in part the

opinion of the Workers' Compensation Board.

The Court of Appeals affirmed the award of total temporary disability

(TTD) for the time periods of June 24, 2016 through July 11, 2016, and for

July 19, 2016 through July 27, 2017. The reversal pertained to the issue of the

---

[1] Ky. Const. § 115.

three-multiplier for permanent, partial disability payments but as neither party has appealed that portion of the Court of Appeals' opinion, we will not address it further. Thus, Swift contends the only question before us is whether TTD payments are barred when an employee has refused available comparable work within medical restrictions. As the facts of the record before us do not present this question, we decline to answer it and affirm the Court of Appeals.

## I.    Facts and Procedural Background

Swift's argument hinges on the proposition that Ana Mabel Dumois Bueno is a malingerer, exaggerating her symptoms, and was physically capable of performing comparable work between July 19, 2016 through July 27, 2017. These are all questions of fact. Rather than provide an exhaustive account of the medical testimony below, we recite only that evidence necessary to demonstrate that the ALJ did rely upon substantial evidence to reach her conclusion.[2]

Bueno, the Appellee, worked for Swift in a meat processing plant. Her job was to remove the heads of pigs from their bodies by holding the body with her left hand and operating an electric knife with her right hand. On November 14, 2015, whilst walking by a coworker carrying a metal tool of some kind, she struck her left index finger on the tool. Since that day she has not returned to

---

[2] This is because the issue on appeal is not whether substantial evidence exists to support the ALJ's decision. Indeed, it's not even a matter of statutory interpretation. Rather, Swift presents a specific and purely legal question based upon public policy. To do so it relies upon an account of the case that contradicts the facts as the ALJ found them to be. Thus, there is a threshold albeit subtle issue of whether we can accept Swift's account of the facts.

her normal job. Instead, she was placed on restrictions to not use her left hand. For seven months she continued to work for Swift in various capacities until she was placed on the additional restriction of not working in cold conditions. Bueno testified approximately a week after this restriction was placed upon her, Swift informed her it had no work available and sent her home. She has not worked for Swift since then.

Dr. Amitava Gupta performed surgery on Bueno's hand twice, in June of 2016 and May of 2017. He noted that there is no real improvement in Bueno's condition despite twice undergoing post-operative physical therapy. Dr. Gupta placed Bueno on the additional restriction of not working in cold conditions. He also placed a restriction of no lifting more than 10 lbs. and to use both hands if repetitively lifting or carrying 10 lbs. objects. Finally, he assessed 11% whole person impairment. The ALJ specifically cited to his opinion and notes for her finding of physical disability.

Dr. Steven J. Simon performed an independent psychological evaluation at Bueno's request. He diagnosed Major Depressive Disorder, moderate, single episode, Anxiety Disorder, and Post Traumatic Stress Disorder. This diagnosis came in spite of testing which suggested feigning, excessive symptom endorsement, and exaggeration of symptoms. He found she was not at maximum medical improvement and assessed 20% permanent impairment. The ALJ rejected the permanent impairment finding as premature.

Dr. Timothy S. Allen performed an independent psychiatric evaluation at Swift's request. He diagnosed Somatic Symptom Disorder and assessed 10%

3

permanent impairment, attributing half to a pre-existing Depressive Disorder. The ALJ, however, found against this last diagnosis. She stated, "Dr. Allen did not indicate Plaintiff suffered from a pre-existing, active condition. Moreover, Defendant has not presented any convincing evidence that corroborates Dr. Allen's finding of a pre-existing psychological condition." Instead, the ALJ relied upon the medical records Bueno submitted for treatment regarding her depression and anxiety at Seven Counties Services, Inc. These records showed twenty-seven visits between November 1, 2016 and August 30, 2018. She also relied upon the medical report from Our Lady of Peace where Bueno presented herself for treatment reporting a suicide attempt and ideation. Dr. Afaq treated Bueno at Our Lady of Peace but did not testify before the ALJ. He diagnosed major depressive disorder, recurrent, moderate. The ALJ ultimately relied upon Dr. Allen's conclusion of 10% permanent impairment rating. Upon a Petition for Reconsideration, the ALJ further concluded despite releases to return to work (within the mentioned restrictions by Dr. Gupta) Bueno was not psychologically capable of returning to even light-duty work.

Finally, Bueno testified although willing to work a job that could be performed with one hand, she did not think she's physically capable. She further testified Swift sent her home with no work available. There is indication in the record Swift sent Bueno a letter in the mail offering her a job, but Bueno did not respond to it. On the other hand, Lisa Nikki Brown, Swift's occupational health manager, testified she was not aware if Bueno ever received the job offer as the letter was returned unclaimed. Brown did not

4

communicate with Bueno on any other occasion via any other means. Brown further testified fifteen jobs were available that did not require lifting more than 10 lbs. and could be performed adequately with one-hand. The ALJ made a finding of fact that "Defendant ceased accommodating Plaintiff's light duty work restrictions and Plaintiff was sent home with no work available." She did not mention the availability of other jobs further. The ALJ awarded total temporary disability for the time periods of June 24, 2016 through July 11, 2016, and for July 19, 2016 through July 27, 2017, and applied the three-multiplier for permanent, partial disability payments.

Swift appealed the above determinations. The Workers' Compensation Board, reviewing for legal error, affirmed. Regarding the TTD award, the Board held "KRS 342.730(1)(c)1 does not direct the ALJ to consider whether positions exist that the employee could perform. The plain language of the statute and pertinent case law requires the ALJ to analyze the actual tasks the employee performed prior to the injury." In layman's terms, the Board found the existence of other jobs legally irrelevant.

The Court of Appeals affirmed this ruling. Noting Swift's failure to "cite any statutes, case law, or other legal authority . . . [,]" the Court demonstrated the existence of other available jobs of comparable duties and within medical restrictions was both statutorily and factually irrelevant. "As the Board concluded that sufficient evidence supported the ALJ's finding that Bueno was *unable* to return to work during the second TTD period, whether jobs were available or offered within restrictions was of little consequence."

Swift now appeals the ruling regarding TTD benefits. Pertinent to our analysis is how the argument has been presented. Swift does not argue there is no substantial evidence in the record to support the ALJ's findings of fact and award. Neither does it argue that KRS 342.730(1)(c)(1) compels a consideration of other available jobs within medical restrictions. Instead, Swift argues as a matter of public policy that TTD payments should be barred if an employee is capable of returning to work within medical restrictions but simply refuses to do so.

## II.     Standard of Review

In our review of workers' compensation awards, we have always recognized that the ALJ "has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence." *Holcim v. Swinford*, 581 S.W.3d 37, 39 (Ky. 2019) (internal quotation and citation omitted). "[A]n ALJ, as fact-finder, may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it came from the same witness or the same adversary party's total proof . . ." *Whittaker v. Rowland*, 998 SW.2d 479, 481 (Ky. 1999). "Although a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis for reversal on appeal." *Id.* at 482. This is because "it is not the function of an appellate court to reweigh the evidence on a question of fact . . ." *Id.*

Indeed, not even the Workers' Compensation Board can undertake a reweighing of the evidence. *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685,

6

687 (Ky. 1992). Instead, where an ALJ has ruled in favor of the party bearing the burden of proof, the Board's function is solely to determine "whether the evidence is sufficient to support a particular finding made by the ALJ . . ." *Id.* In short, the findings of fact by an ALJ are judgment calls and "no purpose is served by second-guessing such judgment calls, let alone third-guessing them." *Id.*

### III.    Analysis

As mentioned, Swift's argument is predicated upon the factual assertions that Bueno is malingering, exaggerating her symptoms, and was physically and psychologically capable of performing comparable work between July 19, 2016 through July 27, 2017. The ALJ has rejected these assertions. In her original Opinion, Award and Order, the ALJ concluded the "Plaintiff lacks the physical capacity to perform her pre-injury duties . . ." She also made a specific finding of fact that "Defendant ceased accommodating Plaintiff's light duty work restrictions and Plaintiff was sent home with no work available." Upon a Petition for Reconsideration, the ALJ further concluded that Bueno did not have the psychological capacity to perform light duty work, citing her diagnosis and treatment for depression and anxiety.

Because we have no warrant to second- or third guess the factual findings of the ALJ, we simply cannot accept the framing of the case as presented by Swift. Swift doesn't even argue these factual findings are clearly erroneous thereby giving this Court leave to reject them. *Wilkerson v. Kimball Int'l, Inc.*, 585 S.W.3d 231, 236 (Ky. 2019). Consequently, the question of

7

whether TTD benefits are barred when an employee is capable of working a comparable job within medical restrictions but refuses to do so is not presented by this appeal.

To the extent it might be suggested these arguments are implied in Swift's briefing, we answer that argument by implication is not a practice we are inclined to countenance. The Civil Rules require a party to state plainly in their brief all "contentions with respect to each issue of law relied upon for a reversal . . ." and to support those contentions "with ample supportive references to the record and citations of authority pertinent to each issue of law and . . . a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR[3] 76.12. Regarding the ALJ's factual findings, Swift has failed to comply with this rule so there is nothing to review. *Grief v. Wood*, 378 S.W.2d 611, 612 (Ky. 1964) ("Other matters suggested in appellants' brief [that] are unsupported by argument or by citation of authority . . . present nothing for consideration.")

## IV.    Conclusion

The ALJ found Bueno was both physically and psychologically incapable of returning to work. Swift has not challenged these findings as clearly erroneous, much less lacking substantial evidence. Therefore, the question of whether TTD benefits are barred when an employee is capable of working a comparable job within medical restrictions but refuses to do so, is purely

---

[3] Kentucky Rules of Civil Procedure.

hypothetical; to opine upon it would be an advisory opinion only. We do not entertain such questions. *Pettingill v. Pettingill*, 480 S.W.3d 920, 923 (Ky. 2015). The Court of Appeals is affirmed.

All sitting. Minton, C.J., and Nickell, Lambert, VanMeter, Keller, and Conley, JJ., concur. Hughes, J., concurs in result only.

COUNSEL FOR APPELLANT:

Walter E. Harding
Boehl, Stopher & Graves, LLP

COUNSEL FOR APPELLEE,
Ana Mabel Dumois Bueno

Stephanie Nicole Wolfinbarger
Cotton Wolfinbarger & Associates, PLLC

Administrative Law Judge:
Hon. Stephanie L. Kinney

Workers' Compensation Board:
Michael Wayne Alvey
Chairman